GLICKSTEIN, Judge.
We have issued today an opinion in another case involving these matters, Woodward v. Woodward, 442 So.2d 1117 (Fla. 4th DCA 1983), wherein we affirmed the trial court’s adjudication of contempt on the part of the former husband because of his non-payment of rehabilitative alimony. In the present case the former husband seeks relief by certiorari from the following portion of the trial court’s order in the pending post-judgment proceeding for modification initiated by the former husband:
Respondent/Husband shall pay Petitioner/Wife’s attorney a fee of $500.00 as a condition precedent to Petitioner/Wife being required to reply to the Respondent/Husband’s Request to Produce, based upon a review of the Court file which reveals the Husband’s Complaint/Supplemental Complaint for Modification filed on or about May 27, 1983 was filed by Respondent/Husband with “unclean hands” because of the numerous Motions For Contempt filed by Petitioner/Wife against Respondent/Husband for non-payment of alimony subsequent to the Final Judgment of Dissolution of Marriage entered June 11, 1981, and the General Master’s Reports and the Court Orders concerning those Motions For Contempt.
We have often denied certiorari when some discovery has been prevented and granted it when permitted. However, in the present case we have discovery of the former wife’s documents being permitted, but on a condition relating to matters extraneous to the modification proceeding; *1119 namely, the discoverer’s misconduct in not paying the rehabilitative alimony required by the final judgment which he now seeks to have modified. The choice, then, is whether or not to extend our general rule of thumb by denying certiorari where the trial court uses the above condition to effectively prevent all discovery because of the earlier misconduct. Respondent has not provided this court with any authority derived from the Florida Rules of Civil Procedure which supports the trial court’s order. We are genuinely empathetic to the trial judge’s concern with petitioner’s misconduct, as witnessed by our affirmance of the sobering order in the companion case. Nevertheless, the use of attorneys’ fees as a club must be carefully scrutinized. Bearing in mind that the legislature has never said that in every legal action, the loser shall pay the winner’s attorneys’ fees; and that the judiciary has often expressed that such fees are awardable in certain, defined situations, we have an overview of the subject matter. This court has been particularly sensitive to interlocutory orders in modification proceedings that could ultimately be inconsistent with the ultimate decision on the merits or could cause unnecessary and unforeseen difficulties pen-dente lite. Saulnier v. Saulnier, 425 So.2d 558 (Fla. 4th DCA 1982). Accordingly, we think certiorari is both appropriate under the two prong test and necessary in this case. We grant the relief sought by the petition and quash the quoted portion of the trial court’s order.
HERSEY and WALDEN, JJ., concur.